IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA, FORT PIERCE DIVISION

DIANNE SOLDEVILLA,                        **CLASS ACTION**
Individually and on behalf of all
Others similarly situated,

       Plaintiff,
v.

ON THE BARRELHEAD, INC.,

       Defendant.
_____/

## DEFENDANT ON THE BARRELHEAD, INC.'S NOTICE OF REMOVAL

Defendant, On the Barrelhead, Inc. ("OTB"), through undersigned counsel, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, as well as 28 U.S.C. §§ 1441 and 1446, hereby removes to this Court the state court action described below.

## BACKGROUND

1. This action was filed on October 12, 2019 in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida as *Dianne Soldevilla v. On the Barrelhead, Inc.*, Case No. 56-2019-CA-001964 (Fla. 19th Jud. Cir.) (the "State Court Action").

2. Plaintiff filed the State Court Action on behalf of herself and Florida residents who allegedly: (a) within the four years prior to the filing of the Complaint (b) were sent the same alleged unsolicited commercial e-mail allegedly sent to Plaintiff (the "Alleged E-mail") (c) from Defendant or anyone on Defendant's behalf.

3. Plaintiff alleges that she and others received a supposedly unsolicited commercial e-mail from OTB in violation of Florida's Electronic Mail Communications Act, Fla. Stat. §§

668.601 *et seq*. ("FEMCA"). Based on this allegation, Plaintiff asserts a single claim for a violation of FEMCA.

4. Plaintiff seeks the following relief, as set forth separately from the claims on pages 8 and 9 of the Complaint: (a) a "declaration that Defendant's practices described herein violate Florida's Electronic Mail Communications Act"; (b) an "injunction to enjoin future violations of Florida's Electronic Mail Communications Act"; (c) "[l]iquidated damages of $500 for each unsolicited commercial electronic mail message sent to Plaintiff and members of the Class"; (d) attorneys' fees and other litigation costs incurred in action with the action; and (e) "such other and further relief as the Court may deem just and proper." (Compl. pp. 8-9.)

5. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached: (a) a copy of the Class Action Complaint (the "Complaint") filed in the State Court Action as **Exhibit 1**; and a copy of all other process and pleadings served on any of the Defendants in the State Court Action as **Composite Exhibit 2**. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit in and for Broward County, Florida, in accordance with the provisions of 28 U.S.C. § 1446(d), along with a Notice of the filing, a copy of which will be served upon all parties.

6. OTB was served with the Complaint on October 29, 2019. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

**THIS COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA**

7. The State Court Action is removable to this Court, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. §

1453, because this is a putative class action with more than 100 putative class members that are seeking to recover in excess of $5 million in the aggregate, and there is minimal diversity.[1]

8. Plaintiff seeks to bring this action on her own behalf and on behalf of the putative class comprised of:

> All Florida residents who, with the four years prior to the filing of this Complaint, were sent the same unsolicited commercial electronic mail message sent to Plaintiff, as alleged herein, from Defendant or anyone on Defendant's behalf.

(Compl. ¶ 30.)

9. The Complaint seeks to certify a class pursuant to Fla. R. Civ. P. 1.220(b)(2) and (b)(3). (*Id*. at ¶ 30.)

10. CAFA expressly provides that class actions filed in state court are removable to federal court. CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where the putative class contains at least 100 class members, any member of the putative class is a citizen of a State different from that of any defendant, and the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

11. This suit satisfies all the requirements under CAFA for federal jurisdiction: (1) the putative class exceeds 100; (2) the members of the Putative Class have a different citizenship from Defendants; and (3) the amount in controversy exceeds $5 million. Moreover, the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d).

---

[1] OTB, by filing this Notice of Removal, does not waive and expressly reserves any objection as to venue, the legal sufficiency of the claims alleged in the State Court action, and all other defenses.

### A. The Putative Class Exceeds 100 Members

12. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5).

13. That requirement is met here. Although Plaintiff does not identify the number of putative class members in their Complaint, Plaintiff alleges that she "believes the Class members number in the several thousands, if not more." (Compl. ¶ 32.) Further, based on OTB's ongoing investigation of its business records and its discussions with the third-party marketers that would have sent the Alleged Email and others like it, it is clear that there will be in excess of 100 class members likely implicated in the putative class asserted by Plaintiff in the Complaint.

### B. There is Minimal Diversity for CAFA Jurisdiction

14. The second CAFA requirement is minimal diversity—at least one putative class member must be a citizen of a different state than any one defendant. 28 U.S.C. § 1332(d)(2).

15. On information and belief and as set forth in the Complaint, Plaintiff is a citizen of Florida. (Compl. ¶ 8.)

16. OTB is a corporation incorporated in Delaware with its principal place of business located in Durango, Colorado. (Compl. ¶ 9.) For diversity purposes a corporation is deemed to be a citizen of (1) the state under whose laws it is organized, and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). For purposes of diversity, then, OTB is a foreign corporation.

17. The putative class is comprised of certain "Florida residents." (Compl. ¶ 30.)

18. Thus, there is diversity here, as Plaintiff is a citizen of Florida (as are the putative class members), and OTB is a citizen of Delaware or Colorado. Therefore, the second CAFA requirement is met. 28 U.S.C. § 1332(d)(2).

### C. The Amount in Controversy Exceeds $5,000,000

19. CAFA also requires that the aggregate amount in controversy exceed $5 million for the putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). As the United States Supreme Court has held, Defendants' notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

20. Although OTB denies all liability alleged in the Complaint and denies that class treatment is appropriate for this lawsuit, the amount in controversy requirement is determined by accepting Plaintiff's allegations as true. *See, e.g., Cain v. Hartford Life & Accident Ins. Co.* 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2002) (citations omitted). Here, based upon Plaintiff's allegations and Defendant's ongoing investigation of those allegations, the $5 million CAFA amount in controversy requirement is satisfied.

21. First, Plaintiff seeks statutory damages under FEMCA of $500 for "each unsolicited commercial electronic mail message sent to Plaintiff and members of the Class." (*See* Compl. at p. 8.) Plaintiff alleges that these messages "like the ones sent to Plaintiff to thousands of consumers" (*id*. at ¶ 33), and this allegation is consistent with OTB's ongoing investigation of its business records and its discussions with the third-party marketers that would have sent the Alleged Email and others like it. Specifically, OTB has been told by its third-party marketers that millions of emails were sent by them to United States residents in 2019 alone. Although OTB at this time cannot identify which specific e-mails were sent to Florida residents, based on this investigation and the representations made by the third-party marketers regarding the volume of e-mails sent, the amount in controversy based on statutory damages exceeds $5,000,000.

22. Second, Plaintiff seeks declaratory and injunctive relief in the Complaint, specifically, an injunction to enjoin future violations of Florida's Electronic Mail Communications Act. (Compl. at p. 8.) "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective," or "the monetary value [that] would accrue to the class plaintiffs upon issuance of the prospective injunction [and/or declaration]." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted); *see also Hartford Ins. Grp. v. Lou-Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002) (amount-in-controversy in an action for declaratory relief is "the value of the right to be protected or the extent of the injury to be prevented"). Conversely, the value of declaratory or injunctive relief is also "the losses that will follow from" not obtaining the requested relief. *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). For CAFA purposes, a district court "aggregate[s] the claims of individual class members and consider[s] the monetary value that would flow to the entire class if [injunctive or] declaratory relief were granted." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). Here, Plaintiff alleges that the "cumulative effect of unsolicited spam e-mails like Defendant's poses a real risk of ultimately rendering a consumer's e-mail inbox unusable and/or requiring the consumer to pay for additional space." (Compl. ¶ 29.)

23. Third, Plaintiff has requested an award of attorneys' fees under FEMCA. (Compl. at pp. 7-8.) Although OTB disputes whether Plaintiff or the putative class is entitled to any such award, and dispute that FEMCA applies to the Plaintiff's claim or putative class claims as a matter of fact or law, for purposes of removal, Plaintiff's assertion of a statutory right to attorneys' fees is properly considered in ascertaining the amount in controversy. *See, e.g., Sheffield Woods at Wellington Condo. Ass'n v. Scottsdale Ins. Co.*, 2009 WL 2255219, at *1 (M.D. Fla. July 28, 2009)

(denying motion to remand, finding amount in controversy met based in part on potential for attorneys' fees under Fla. Stat. § 627.428). Here, the possibility of attorneys' fees in a significant putative class action involving thousands of e-mail recipients increases the amount in controversy and further demonstrates that the CAFA amount in controversy requirement is clearly met here.

24. For all the foregoing reasons, the $5 million CAFA amount in controversy requirement is satisfied.

### D. The Exceptions to CAFA Do Not Apply Here

25. CAFA provides two mandatory exceptions to the application of federal jurisdiction (the "local controversy exception"), and one discretionary exception. 28 U.S.C. § 1332(d)(3)-(4); *see also Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006) (discussing the "local controversy exception"); *Gavron v. Weather Shield Mfg.*, 2010 WL 3835115, at *2-3 (S.D. Fla. Sept. 29, 2010). The burden of establishing the exceptions to CAFA rests on Plaintiff as the nonremoving party. *Evans*, 449 F.3d at 1164 ("[W]hen a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA, as in this case, we hold that the party seeking remand bears the burden of proof with regard to that exception."). Nonetheless, the exceptions do not apply here.

### E. The Procedural Requirements for Removal are Satisfied

26. This court is the proper venue for removal because the State Court Action is pending in St. Lucie County, Florida, and the United States District Court for the Southern District of Florida is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

27. OTB timely filed this notice of removal.

28. Accordingly, because the CAFA prerequisites are met and none of the exceptions apply, this case is properly removable under CAFA.

29. The undersigned respectfully submits that this removal is well-grounded in fact, warranted by existing law, and not interposed for any improper purpose.

**WHEREFORE**, OTB respectfully requests that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court will make the proper orders to achieve the removal of the State Court Action to this Court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the State Court Action.

Dated: November 27, 2019                  Respectfully Submitted,

STUMPHAUZER FOSLID SLOMAN
ROSS & KOLAYA, PLLC
Two South Biscayne Boulevard,
Suite 2550
Miami, FL  33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425

By: /s/ *Ian M. Ross*
IAN M. ROSS
Florida Bar No. 091214
iross@sfslaw.com
JACQUELINE Z. DEROVANESIAN
Florida Bar No. 125662
jderovanesian@sfslaw.com
docketing@sfslaw.com

*Counsel for On the Barrelhead, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of November, 2019, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal. I also certify that the foregoing document is being served on counsel on the Service List below via e-mail.

/s/ *Ian M. Ross*
IAN M. ROSS

## SERVICE LIST

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
mhiraldo@hiraldolaw.com
401 E. Las Olas Boulevard
Suite 1400
Fort Lauderdale, Florida 33301
 (954) 400-4713

**EDELSBERG LAW, PA**
Scott Edelsberg, Esq.
scott@edelsberglaw.com
19495 Biscayne Blvd. #607
Aventura, FL 33180
(305) 975-3320

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, FL 33132
(305) 479-2299

*Counsel for Plaintiff*