UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-14462-MARRA

DIANNE SOLDEVILLA, individually and
on behalf of all others similarly situated,
    Plaintiff,

vs.

ON THE BARRELHEAD, INC.,
    Defendant.
_____/

## ORDER GRANTING TEMPORARY STAY OF DISCOVERY

**THIS CAUSE** is before the Court on the Defendant's motion for a temporary discovery stay pending resolution of a pending motion to dismiss [DE 16]. Following careful review of the Defendant's Motion, together with Plaintiff's Response [DE 17] and Defendant's Reply [DE 1], the Court finds good cause for the requested relief and grants the requested stay.

In this putative class action, the proposed class representative, Dianne Soldevilla, alleges that Defendant, On the Barrelhead, Inc., violated the Florida Electronic Mail Communications Act, Fla. Stat. §§ 668.601 *et seq.* ("FEMCA") by sending her an unsolicited commercial e-mail. Defendant has moved to dismiss Plaintiff's amended complaint with prejudice contending: (1) the FEMCA does not authorize a private cause of action; (2) Plaintiff's claim is preempted by federal law that broadly regulates the use of commercial e-mail, to wit, the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"), and (3) the Complaint fails to allege adequately that the subject line of the e-mail in question is false or misleading. Defendant's Motion to Dismiss has been fully briefed [DE 7, 10, 15] and is ripe for disposition. In light of the potentially case-dispositive legal defenses raised by its motion, Defendant seeks a temporary stay of discovery in order to conserve litigation resources.

A district court has broad discretion to stay discovery until preliminary and potentially case-dispositive questions are determined. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Where a dispositive motion raises purely legal defenses, a stay of discovery pending resolution of the motion avoids potentially needless litigation expenses. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). A stay is proper if resolution of a pending dispositive motion might dispose of the case, but improper if discovery is necessary to respond to that motion. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (limitation on discovery held improper in context of multi-issue summary judgment motion).

In this case, Defendant's Motion to Dismiss incorporates two legal defenses which, if successful, will entirely dispose of the case. Discovery is not needed to respond to these defenses which raise pure legal questions regarding Plaintiff's ability to pursue her claims. Plaintiff does not claim that discovery is needed to respond to these defenses, and she has, indeed, already responded to the motion without discovery or the asserted need for such discovery [DE 10]. Further, she has identified no countervailing interests other than a potential disruption of the current scheduling order (setting a February 2021 trial date), a matter easily rectified by entry of an amended scheduling order, if necessary, in the event Defendant does not prevail on its motion to dismiss.

The Court has weighed the potential harm attending a delay in discovery against the possibility that Defendant's motion will be granted and eliminate the need for such discovery. The Court concludes that litigation efficiencies weigh in favor of the requested stay. Accordingly, without expressing any opinion on the merits of the Defendant's motion to dismiss, the Court finds good cause for entry of a temporary stay. By staying discovery until the motion to dismiss is resolved, the parties will avoid the burden of potentially unnecessary, expensive and fruitless

discovery.  Any resulting disruption of the existing scheduling order is a prejudice by far outweighed by the potential benefits of preserved time and litigation resource conservation.  The Court accordingly finds that a temporary stay of discovery is reasonable and justified in this case. *Moore v. Potter,* 141 Fed. Appx. 803, 808 (11th Cir. 2005) (unpub) ("any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible") (quoting *Chudasama*, 123 F.3rd at 1368); *Bearden v E.I. du Pont de Nemours and Co.*, 2016 WL 11301378 (M.D. Ga. 2016); *Neal v. Atlas Acquisitions, LLC*, 2015 WL 12841062 (M.D. Fla. 2015) (ordering discovery stay pending resolution of federal preemption defense to action under state consumer protection statute).

It is accordingly **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Stay Discovery [DE 16] is **GRANTED**.
2. Discovery in this case is **STAYED** pending resolution of Defendant's Motion to Dismiss the Plaintiff's Amended Complaint [DE 7].
3. Defendant's motion to dismiss the original Complaint [DE 3] is **DENIED as MOOT** following the filing of Plaintiff's Amended Complaint [DE 6].
4. Defendant's motion to extend time for filing a reply in support of its pending motion to dismiss [DE 11, 12] is **DENIED AS MOOT** following the timely submission of its reply [DE 15].

**DONE and SIGNED** in Chambers at West Palm Beach, Florida this 5th day of February 2020.

KENNETH A. MARRA
United States District Judge

cc. all counsel